### DANIEL CHAPMAN *vs.* THE CITY OF LOWELL.

Where an individual made a contract in writing to build two drains for a city, in a thorough, skilful, and workmanlike manner, satisfactory to the committee of the board of aldermen having the same in charge; to execute the work under the general direction and superintendence of the committee; and to cause the work to be carried forward and finished with as much rapidity as could reasonably and beneficially be done : It was held, that such general direction and superintendence were not limited to the quality of the materials, and the manner of doing the work, but also extended to the time of doing the same; as to which, the committee, acting with an honest and just regard to the interests of the city, and not arbitrarily, capriciously and unreasonably towards the other party, were exclusively authorized to judge.

THIS was an action of assumpsit, in which the plaintiff declared specially for the breach of a written contract with the defendants, entered into on their part by a duly authorized committee, on the 4th of August, 1845, for the construction of two common sewers or drains in Lowell.

The plaintiff undertook, among other things, to cause the whole to be finished, both as to work and materials, in a thorough, skilful and workmanlike manner, satisfactory to the committee of the board of aldermen having charge of the same, and to execute the work under the general direction and superintendence of the committee, and to cause the same to be carried forward and finished with as much rapidity as could reasonably and beneficially be done.

At the trial, which was before *Wells,* C. J., in the court of common pleas, the plaintiff offered to prove, that after constructing one of the drains, and having made his preparations for building the other, about the middle of October, 1845, the defendants' committee notified the plaintiff to stop work, and refused to permit him to go on; and that he could, reasonably and beneficially for both parties, have gone on with the work and completed it in the fall of 1845. The plaintiff did not offer to prove, that there was any gross negligence or bad faith, on the part of the committee, but only that they had made a mistake, and misjudged as to whether the work could then be reasonably and beneficially carried forward and completed. It was admitted, that the work was completed by the plaintiff, under the direction of the committee, and in pursuance of the contract, in the spring of 1846, subsequent to the commencement of this action, and that he had since been paid therefor according to the contract. The plaintiff also offered to prove, that he had been greatly injured by the stopping of the work, as above mentioned.

This action was brought to recover the damages thus sustained by the plaintiff.

The presiding judge ruled, that the facts stated, if proved, would not be sufficient to entitle the plaintiff to maintain this action; whereupon a verdict was returned for the defendants, and the plaintiff alleged exceptions.

*J. G. Abbott,* for the plaintiff, referred to *Wise* v. *Chaney* 1 Gilm. 562; and *Mill Dam Foundery* v. *Hovey,* 21 Pick. 117 448–451.

*S. Ames,* city solicitor, for the defendants.

SHAW, C. J. This is assumpsit on a written contract not under seal, by which the plaintiff contracted to build two drains, therein described. The *gravamen* of the plaintiff's complaint is, that having completed one of the drains, he was prohibited by the committee of the city from proceeding to complete the other, in violation of their contract. From the declaration, it would appear, that he was prohibited altogether from doing the work and earning the pay for it; whereas it appears by the bill of exceptions, that he did complete it the next spring, and did receive his pay for it, and the true ground of complaint is, that he was delayed by the committee from proceeding the first season, and thereby sustained damage.

By the bill of exceptions it appears, that the plaintiff offered to show, that having completed one of the drains, about the middle of October, he was about proceeding to lay the other, and had procured materials, when the city notified him to stop work, and refused to permit him to go on. He also offered to prove, that he could, reasonably, and beneficially for both parties, have gone on and completed the work that fall; but he did not offer to prove gross negligence or bad faith, on the part of the committee, but only that they had made a mistake and misjudged, as to the point whether the work could reasonably and beneficially be carried forward and completed.

The court of common pleas were of opinion, that these facts, if proved, would furnish no ground of action. The court here are of opinion that this direction was right. This work was to be done in the streets, the use of which must be more or less interrupted by it; and it was highly reasonable that the city, as a contracting party, should retain some control over it, and they did so, by the terms of their contract. It was stipulated by the plaintiff, that he was to execute the work, under the general direction and superintendence of the committee, and cause the same to be carried forward and finished, with as much rapidity as reasonably and beneficially it could be done.

This general superintendence, we think, was not limited

to the quality of materials, and the manner of doing the work, because it is elsewhere in the contract and specially stipulated, that the plaintiff would cause the whole to be finished in a thorough, skilful and workmanlike manner, satisfactory to the committee. By reserving to the committee a general direction and superintendence, the plaintiff agreed to conform to the reasonable directions of the committee, as to the time of doing the work, of w ⸱ẚ ⸱. they were to judge, acting with an honest and just re⸱⸱ to the interests of the city. Under this stipulation they were not to act arbitrarily, capriciously and unreasonably ; but exercising an honest and reasonable judgment, the plaintiff by his contract bound himself to conform to it, and the city are chargeable with no breach of contract.                         *Exceptions overruled.*